OTHNIEL WILLIAMS, ADMINISTRATOR OF OTHNIEL WILLIAMS, DECEASED, v. REBECCA BELDEN, ADMINISTRATRIX ON THE ESTATE OF JOHN BELDEN, DECEASED.

Creditors or their representatives, being out of the state, at the time of publishing an order of probate limiting the time for creditors to exhibit their claims against a deceased person's estate, have two years to exhibit their claims in.

ACTION on note; declaring, that John Belden deceased, in and by a certain note, dated the 19th of April A. D. 1782, promised the said Othniel deceased, to pay to him the sum of £14 7s. 1d. upon demand, with the lawful interest, which neither the said John nor the defendant have ever performed, etc.

Plea in bar — That on the 9th of November 1790, the Court of Probate made an order that six months be allowed to the creditors of said John to bring in their claims against said estate from the time of publishing said order in the newspaper; and that said order was duly published on the 15th of November aforesaid, and that said claim was not exhibited to the defendant until long after the expiration of said six months from the publication of said order, and by the statute entitled, etc. the plaintiff was barred of any recovery on said note.

The plaintiff admitting said order and the publication thereof replied — That he ought not to be barred; for that Hannah Williams was appointed sole executrix of the last will and testament of said Othniel deceased; that when said order was made and published she was sick and incapable of exhibiting said note or of procuring any person to do it for her, and so continued until her death, which happened in about

one month after publishing said order; that the defendant well knew of said note as a subsisting debt against said John's estate, within said term of six months; that the plaintiff at the time of making and publishing said order was out of this state over sea, residing and dwelling in the island of Guadaloupe, where he continued to reside until after the expiration of said six months; that in the summer of A. D. 1791 he returned from over sea into this state, and being next of kin to said Othniel deceased, did soon after his return aforesaid, viz. on the 10th of September 1791 take letters of administration upon the estate of said Othniel with the will annexed, and within six months after his return into this state, he exhibited said note to the defendant, said John having left a plentiful estate to pay this and all his other debts, and no distribution had then been made among his heirs.

The defendant rejoined, traversing her having knowledge of said note as a subsisting debt within said six months. The plaintiff demurred.

By the COURT. The rejoinder of the defendant is insufficient.

The statute provides that any persons not being inhabitants in this state, shall have liberty to exhibit their claims against any estate that shall not be represented insolvent, at any time within two years after publication of notice to the creditors, and shall be entitled to payment out of the clear estate that shall remain after payment of those claims that were exhibited within the time limited, and the plaintiff is within the reason of the proviso in the statute.

This judgment was affirmed upon a writ of error in the Supreme Court of Errors.